OPINION OF THE COURT
Bernard Dubin, J.
Defendant makes this motion to dismiss the superior court information and to suppress physical evidence.
Defendant was arrested and arraigned in the Criminal Court on a felony complaint and on September 16, 1980 he executed a written instrument waiving indictment and consenting to be prosecuted by a superior court information. He was charged in the information with having committed the crime of criminal possession of a weapon in the third degree (two counts).
Defendant argues that the information should be dismissed on the ground that the evidence adduced is not legally sufficient to sustain the superior court information.
The District Attorney argues that there is no authority or basis in law to grant the relief defendant is requesting and by waiving indictment defendant conceded that there is sufficient evidence to sustain the information; and to grant a hearing would challenge the integrity of the Grand Jury system since a hearing would require the People to *725 reveal evidence that would have been secret if it was at a Grand Jury proceeding.
The waiver form indicates that defendant waives the right to be prosecuted by a superior court information and it is to have the same force and effect as an indictment filed by the Grand Jury.
CPL 200.15 defines a superior court information and provides, in pertinent part, that: “A superior court information has the same force and effect as an indictment and all procedures and provisions of law applicable to indictments are also applicable to superior court informations, except where otherwise expressly provided.”
The hope and expectation of the Legislature when the statutes were enacted authorizing a waiver of indictment and allowing a person to be accused by a superior court information rather than an indictment was to result in speedier and equally fair dispositions. “[F]or all practical purposes the terms ‘superior court information’ and ‘indictment’ shall have the identical effect and meaning within the operation of the CPL.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL art 195, Supplementary Pamphlet 1972-1979, p 119.)
By waiving the indictment defendant has not conceded that there is sufficient evidence to sustain the information. He may not even be aware of what evidence the District Attorney had when the information was filed. The waiver form is very specific and does not waive defendant’s right to determine if the evidence which led to the information is legally sufficient. Therefore, the motion to dismiss the indictment under CPL 210.20 would be proper even though defendant chose to proceed by information rather than indictment. Assuming, arguendo, that defendant was indicted, he would have the opportunity to make a motion to inspect the Grand Jury minutes and to dismiss the indictment for insufficient evidence. In that case, the court would inspect the minutes of the Grand Jury in camera and make its determination. In the case at bar, since we do not have a Grand Jury presentation and minutes, based on the foregoing, the motion to dismiss the information is *726 granted to the extent that a hearing is to be held in camera, outside the presence of the defendant and defense counsel at which time the District Attorney is to present evidence to the court to determine if this evidence is sufficient to sustain the superior court information.
As to defendant’s motion to suppress physical evidence, in the event that the court finds that there is sufficient evidence to sustain the information and the motion to dismiss is denied, then defendant’s motion to suppress physical evidence is granted to the extent that a hearing is to be held at a time convenient to the court and all parties.